IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Annette Denise Holmes, | ) | |
| | ) | No: 2:15-cv-3286-RMG |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| ResCare Home Care, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court grant *pro se* Plaintiff fifteen days to file an amended complaint to address its deficiencies in (1) factual allegations of the exhaustion of administrative remedies, (2) age discrimination under the ADEA, and (3) unlawful retaliation. (Dkt. No. 33). Neither Plaintiff nor Defendant have filed any objections to the R & R.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court "should freely give leave [for a party to amend its pleadings] when justice so requires." Fed. R. Civ. P. 15 (a)(2). "This liberal rules gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v.*

1

*Harvey*, 438. F.3d 404, 426 (4th Cir. 2006). Thus, it is the Fourth Circuit's "policy to liberally allow amendment in keeping with the spirit of the Federal Rules of Civil Procedure 15(a)." *Scott v. Family Dollar Stores, Inc.* 733 F.3d 105, 112 (4th Cir. 2013).

## Discussion

Plaintiff, a 51 year old African American female, filed this action *pro se*. She alleges that Defendant violated provisions of Title VII 42 U.S.C. § 2000e-2, ADA 42 U.S.C. § 12112(a), and the ADEA 29 U.S.C. § 621, *et. seq.*, by treating her disparately based on her age, race, and disability, and unlawfully retaliating against her for complaining about such actions. (Dkt. No. 33 at 1).

First, for the reasons stated in the R & R, the Court agrees with the Magistrate Judge that there is no way to determine from the allegations contained within the complaint whether Plaintiff has exhausted her administrative remedies. (Dkt. No. 33 at 9–10). Thus, Plaintiff has failed to allege a fact essential to her being able to proceed with this lawsuit. *Hagebush v. United States*, 657 F. Supp. 675, 677 (D. Neb. 1986) ("[P]ro se pleadings may not be merely conclusory; the complaint must allege facts which, if true, state a claim as a matter of law").

With respect to her ADEA claim, for the reasons stated in the R&R the Court agrees with the Magistrate Judge's finding that Plaintiff has failed to set forth the necessary factual allegations to proceed with an age discrimination claim under the ADEA. *Carpenter v. County School Board*, 107 Fed. App'x 351, 351-352 (4th Cir. 2004) (claim subject to dismissal where Plaintiff does "nothing more than state that he was in a protected class and that he suffered an adverse employment decision").

In regard to her Title VII claim, for the reasons stated in the R & R the Court agrees with the Magistrate Judge in finding that Plaintiff has set forth sufficient factual allegations which

2

give rise to an inference of unlawful discrimination and will survive a motion to dismiss under Rule 12. (Dkt. No. 33 at 14-16.) *Vogt v. Greenmarine Holding, LLC*, 318 F. Supp. 2d 136, 144 (S.D.N.Y. 2004) (stating that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt").

As to Plaintiff's ADA claim, for the reasons stated in the R & R the Court agrees with the Magistrate Judge in finding that Plaintiff's proffered factual allegations state a plausible claim that Defendant discriminated against her because of a disability. (Dkt. No. 33 at 16-17.) *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that to survive a motion to dismiss, a Plaintiff need only set forth allegations that raise a "reasonable expectation" that discovery will reveal evidence of necessary elements of the *prima facie* case).

Finally, with regard to her unlawful retaliation claim, for the reasons stated in the R & R the Court agrees with the Magistrate Judge in finding Plaintiff has not set forth any facts to establish the threshold criteria for such a claim—that is, that the conduct about which she has complained *pertains to activity protected by* Title VII, the ADA, or the ADEA. (Dkt. No. 33 at 17–19). *Sara Kaye Ruffner v. MD OMG EMP LLC,* No. 11-1880, 2012 WL 3542019 at *3 (D. Md. Aug. 13, 2012) (holding that "[p]rotected activity does not include opposition to all 'unlawful practices' or 'practices the employee simply thinks are unfair'; the employee must have actually opposed employment practices made unlawful by the [anti-discrimination statute]"). *Harper v. United States*, 423 F. Supp. 192, 196 (D.S.C. 1976) (finding that "where the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal").

3

## Conclusion

The District Court **ADOPTS** the R & R as the order of the Court. (Dkt. No. 33). Accordingly, Plaintiff has fifteen days from the date this order is filed to amend her complaint to cure its aforementioned deficiencies.

If Plaintiff's amended complaint fails to set forth sufficient factual allegations to address the exhaustion of her administrative remedies, Defendant's motion to dismiss will be granted, and this case will be dismissed. If, however, the amended complaint addresses this deficiency but fails to cure Plaintiff's claims of age discrimination under the ADEA and unlawful retaliation, Defendant's motion to dismiss will be granted with respect to those claims, but denied as to the remaining claims. Finally, Defendant's motion to dismiss will be granted and the case will be dismissed if Plaintiff does not file an amended complaint within fifteen days.

**AND IT IS SO ORDERED**

Richard M. Gergel
United States District Court Judge

March 3, 2016
Charleston, South Carolina

4